UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT BANKS,<br><br>         Plaintiff,<br><br>v.<br><br>PAUL KWON dba IT'S BOBA TIME; HARBAUGH CONVOY LLC; and DOES 1–10, inclusive,<br><br>         Defendants. | Case No.: 19-CV-89 JLS (RBB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Dwight Banks' Motion for Leave to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 3). Plaintiff, proceeding through counsel, has submitted a complaint for damages and injunctive relief for negligence and violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act. *See generally* ECF No. 1.

### **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of

/ / /

/ / /

/ / /

1

$400. 28 U.S.C. § 1914(a).[1] An action may still proceed without the prepayment of fees if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that he earns $828 per month from disability and approximately $200 per month from settlements of other ADA cases,[2] totaling approximately $1028 per month. Mot. at 1–2. Plaintiff has no assets, *see id.* at 2–3, and his monthly obligations total approximately $1070 per month. *See id.* at 4–5. He explains that he "do[es] not own a vehicle and rel[ies] on public transportation or . . . someone . . . for a ride" and he "pay[s] about 400 to 450.00 each month to different people to sleep in their homes" because he "do[es] not earn enough money to have a permanent home." *Id.* at 5. He also notes that he "ea[ts] at fast food places because they are cheap." *Id.* Plaintiff does not expect any major changes to his financial status in the next twelve months. *Id.*

Taken at face value, Plaintiff's application demonstrates that he is unable to pay the requisite fees. Accordingly, the Court **GRANTS** Plaintiff's Motion (ECF No. 3).

## INITIAL SCREENING

Notwithstanding IFP status, the Court must subject every civil action brought pursuant to 28 U.S.C. § 1915(a) to a mandatory screening.

Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(d) (now § 1915(e)) "did not authorize district courts to dismiss, *sua sponte*, a complaint for failure to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1126 (emphasis

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Plaintiff notes that these ADA settlements vary month-to-month, and "[s]ometimes [he receives] more or nothing at all." *Id.* at 5.

added) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). Now, however, a court shall dismiss a case *sua sponte* if it finds that "the allegation of poverty is untrue" or the action: (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez*, 203 F.3d at 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the Court to dismiss an IFP complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of her disability." *Lovell*

*v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The Court finds that Plaintiff's claim is sufficiently pleaded to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2).

Here, Plaintiff has alleged that he is "mobility impaired and uses a wheelchair." ECF No. 1 ("Compl.") ¶ 10. He further claims that he "was denied full and equal access to IT'S BOBA TIME," "a food and dining facility and[] a business open to the public," "because the property was inaccessible to individual belonging to the disabled community who use wheel chairs for mobility." *Id.* ¶ 11. Specifically, Plaintiff alleges that "there was no indoor seating in the dining room area available for him and no designated or alternative table would accommodate his wheel chair," "[t]he . . . [bathroom] sink ha[d] no insulation over the pipes below it," and "[t]he . . . [bathroom] door ha[d] a turning lock rather than a push-down handle that is accessible to disabled persons." *Id.* For purposes of the preliminary screening required by 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's allegations are sufficient to overcome the "low threshold" imposed by the relevant statutes.[3] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Gamino v. Yosemite Cmty. Coll. Dist.*, No. 118CV00391LJOSAB, 2018 WL 3388524, at *5 (E.D. Cal. July 10) (recommending that ADA discrimination claim be allowed to proceed beyond initial screening), *adopted*, 2018 WL 4005233 (Aug. 17, 2018).

Therefore, Plaintiff is entitled to U.S. Marshal Service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

///

///

---

[3] This Order is not to be construed as expressing an opinion as to whether Plaintiff's Complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring.").

**CONCLUSION**

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion pursuant to section 1915(a) (ECF No. 3).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of the Complaint and summons, so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and return it to the United States Marshal according to the instructions provided by the Clerk in a letter accompanying the IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5. **ORDERS** Plaintiff to serve upon Defendants or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants' counsel or Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: January 18, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge